IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                               Criminal Action No. 1:12-cr-100-1

PATRICK FRANKLIN ANDREWS,
    Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court pursuant to Defendant Patrick Franklin Andrews' "Motion to Dismiss," filed on April 23, 2014. (Docket No. 343.) The Government filed its response on May 6, 2014. (Docket No. 402.) This matter was referred to the undersigned by United States District Judge Irene M. Keeley on April 23, 2014. (Docket No. 346.) On September 15, 2014, came Andrews, by counsel Harry J. Trainor and Stephen Herndon, and came the United States by Andrew Cogar, Assistant United States Attorney, and Richard E. Burns, for a hearing on, inter alia, the instant motion. Prior to the hearing, the undersigned had granted Andrews' motion requesting his waiver of appearance at the motions hearing. (Docket Nos. 514, 516.) The Court heard the testimony of Special Investigative Services ("SIS") Technician Robert Poissonier.

### I.   Relevant General Procedural History

Defendants Andrews stands indicted for murder pursuant to 18 U.S.C. §§ 1111 & 1118. The Government filed and served a Notice of Intent to Seek the Death Penalty, pursuant to 18 U.S.C. § 3593, as to Andrews. (Docket No. 46.)

Count One of the Indictment, filed on October 2, 2012, charges that "[o]n or about October 7, 2007, in Preston County, within the Northern District of West Virginia, PATRICK FRANKLIN ANDREWS and KEVIN MARQUETTE BELLINGER, the defendants herein, while confined in a

Federal correctional institution, namely the United States Penitentiary at Hazelton, West Virginia, while each was under a sentence for a term of life imprisonment, aided and abetted by each other, did unlawfully kill Jesse Harris with malice aforethought, which killing is a murder as defined in Title 18, United States Code, Section 1111(a), in violation of Title 18, United States Code, Section 1118 and Section 2."

The Grand Jury returned a "Notice of Special Findings" with respect to Count One. This notice mirrored the Government's Notice of Intent to Seek the Death Penalty ("Notice") as to Andrews. (Docket No. 46.) Of particular note are paragraphs (g), (h), and (i) of the Notice within Count One of the Indictment.[1] The Government contends these convictions, if proved, are aggravating circumstances which justify imposition of the death penalty should Andrews be convicted of the substantive offense charged in Count One. See 18 U.S.C. § 3592(c)(2)-(4).

Pursuant to the order of United States District Judge Irene M. Keeley, this case was designated as "complex." (Docket No. 68.) On November 26, 2013, District Judge Keeley granted the defendants' motions to sever. (Docket No. 192.) On June 16, 2014, following a week-long jury trial, co-defendant Bellinger was found guilty of Counts One and Two. (Docket No. 486.) Trial for Andrews is scheduled to commence with jury selection on May 4, 2015. (Docket Nos. 244, 254.)

---

[1] These paragraphs state as follows: "(g) has previously been convicted of a Federal or State offense punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm (as defined in section 921) against another person (18 U.S.C. Section 3592(c)(2)); (h) has previously been convicted of another Federal or State offense resulting in the death of a person, for which a sentence of life imprisonment or death was authorized by statute (18 U.S.C. Section 3592(c)(3)); (i) has previously been convicted of two or more Federal or State offenses, punishable by a term of imprisonment of more than one year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person (18 U.S.C. Section 3592(c)(4))."

## II. Contentions of the Parties

### A. Andrews' Motion (Docket No. 343)

In his motion, Andrews states that the United States Attorney's Office for the Northern District of West Virginia committed an *ultra vires* act by presenting his case for indictment at the Wheeling point of holding court, rather than the Clarksburg point of holding court, which encompasses Preston County, West Virginia, where USP Hazelton is located. (Docket No. 343 at 2.) He argues that because *ultra vires* acts are void, the Indictment against him must be dismissed. (Id. at 3.) According to Andrews, such an act violates the United States Constitution, acts of Congress, the Federal Rules of Criminal Procedure, and the Local Rules of Criminal Procedure. (Id. at 1.) Andrews' motion also suggests that venue for his trial properly lies in Preston County. (Id. at 5.)

### B. Government's Response (Docket No. 402)

In its response, the Government argues that Andrews is "wrong on all claims and his motion should be denied." (Docket No. 402 at 1.) Furthermore, to the extent Andrews argues that trial should be held in Preston County, the Government asserts that doing so would cause a great inconvenience. (Id. at 2-3.)

### C. Andrews' Reply (Docket No. 423)

Andrews' reply reiterates the arguments raised in his motion.

## III. Analysis

### A. Venue for Return of the Indictment

The United States Constitution provides in pertinent part:

The trial of all crimes, except in cases of impeachment, shall be by jury; and such

trial shall be held in the state where the said crimes shall have been committed; but when not committed within any state, the trial shall be at such place or places as the Congress may by law have directed.

U.S. Const., Art. III, sec. 2, cl. 3. The Sixth Amendment to the Constitution provides, in relevant part, that "the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law." Accordingly, "[p]roper venue in a criminal prosecution is a constitutional right." United States v. Bowens, 224 F.3d 302, 308 (4th Cir. 2000).

Venue is capital cases is also governed by 18 U.S.C. § 3235, which provides that "[t]he trial of offenses punishable with death shall be had in the county where the offense was committed, where that can be done without great inconvenience." Likewise, the Federal Rules of Criminal Procedure provide guidance on venue. Fed. R. Civ. P. 18 states as follows:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

Finally, L. R. Crim. P. 2.01 provides:

> Pursuant to the Amended Jury Selection Plan agreed to and entered on February 27, 2009, the Court empaneled grand jurors in each of the four active points of holding court within the district, i.e. Clarksburg, Elkins, Martinsburg and Wheeling. The jurors drawn from those counties assigned to the four active points of holding court typically review evidence to determine whether to issue indictments for crimes allegedly committed in their respective counties.
>
> Occasionally, due to issues that may arise and affect the statute of limitations, the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*., criminal complaints and other matters, it may be necessary for the United States Attorney to present matters to a grand jury in one point of holding court that arose from another point of holding court. In recognition of speedy trial concerns and judicial economy, the Court may permit such action to occur. The United States Attorney or an Assistant United States Attorney shall provide notice to the Court to proceed pursuant to this Rule.

Andrews now argues that by presenting his case for indictment at the Wheeling point of holding court, the Government violated the provisions set forth above. In his reply, he asserts that "the prosecution of an offense encompasses every act in the prosecution of an offense from indictment through trial to sentencing." (Docket No. 423 at 3.)

Andrews has not provided, and the undersigned has not located, any law to support his claim that returning an indictment in another point of holding court violates provisions of the Constitution, the United States Code, and the Federal Rules of Criminal Procedure. While "the Constitution, the Sixth Amendment, and . . . the Federal Rules of Criminal Procedure guarantee that a defendant will be tried in the state where the crime was committed," United States v. Wharton, 320 F.3d 526, 536 (5th Cir. 2003), there is "no constitutional guaranty that the accused ha[s] the right to a trial in the division of the district in which the offense was committed," Franklin v. United States, 384 F.2d 377, 378 (5th Cir. 1967); see also United States v. Florence, 456 F.2d 46, 48-50 (4th Cir. 1972) (district court did not abuse discretion when it denied defendant's motion to transfer from one division to another within same district). At least one court has suggested that petit jurors, let alone grand jurors, need not be selected from the county where the capital offense was committed. As District Judge Surrick of the Eastern District of Pennsylvania has opined:

> Section 3235 is unambiguous. There is nothing in § 3235 that requires the jury to be selected from the county of the offense. We reject Defendant's attempt to import a "vicinage requirement" into the statute. Defendant invites us to construe the terms "venue" and "trial" in 18 U.S.C. § 3235 as encompassing a requirement that the empaneled jury must be citizens of the county of the offense. Such a constrained interpretation finds no support in the law. The statute requires only that the trial of a capital defendant be held in the county where the offense was committed. It says nothing with respect to the location from which jurors will be selected.

United States v. Savage, Nos. 07-550-03, 07-550-04, 07-550-05, 07-550-06, 2012 WL 4616099, at

5

*2 (E.D. Pa. Oct. 2, 2012). Here, trial for Andrews is scheduled to be held in the Northern District of West Virginia, the district where his alleged offense occurred. Accordingly, no violations of the Constitution, the United States Code, and the Federal Rules have occurred.

Furthermore, Andrews has not demonstrated that a violation of Local Rule of Criminal Procedure 2.01 occurred. As noted above, Rule 2.01 provides for the presentment of matters to a grand jury at one point of holding court that arose from another point of holding court in certain circumstances, such as when the statute of limitations is about to expire. Here, Count Two of the Indictment charges Andrews with second degree murder, pursuant to 18 U.S.C. § 1111. Under 18 U.S.C. § 3282, "[e]xcept as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." Given this, the statute of limitations for Count Two was set to expire on October 7, 2012, five years after the alleged murder of Jesse Harris. Accordingly, to avoid expiration of the limitations period, the Government presented the matter to the Wheeling grand jury on October 2, 2012. Andrews has not shown that Local Rule 2.01 requires a formal method for the Government to notify the Court when it intends to present matters from another point of holding court. Furthermore, even if a violation of Rule 2.01 occurred, Andrews has not demonstrated that such violation is an *ultra vires* act requiring dismissal of the Indictment returned against him.

In sum, the undersigned finds that Andrews has not met his burden of demonstrating that the return of the Indictment at the Wheeling point of holding court violates provisions of the Constitution, the United States Code, and both the Federal Rules of Criminal Procedure such that dismissal of the same is warranted. Accordingly, to the extent that Andrews' motion seeks dismissal

of the Indictment on that ground, the undersigned recommends that it be denied.

**B.      Venue for Trial**

At the hearing held on September 15, 2014, SIS Technician Poissonier testified that there is a large visiting room located just within the entrance to USP Hazelton. Counsel for Defendant argued that this visiting room could be used to hold the trial. Given counsel's representations, the undersigned construes Andrews' motion as requesting that venue for trial be established in Preston County, West Virginia.

As noted above, § 3235 provides that the trial of a capital offense should be held in the county where the offense was committed, "where that can be done without great inconvenience." Recently, District Judge Weinstein of the Eastern District of New York rejected a defendant's suggestion to move a capital trial from Brooklyn to Queens given the absence of a federal courthouse in Queens. United States v. Taveras, No. 04-CR-156 JBW, 2006 WL 473773, at *14 (E.D.N.Y. Feb. 28, 2006). Likewise, in a case involving the Federal Kidnapping Act, the Eighth Circuit wrote:

> assuming, without deciding, that 18 U.S.C. § 3235 is applicable to a kidnaping case such as this, and assuming further that a proper request had been made by [Defendant] to be tried in St. Louis County, it is our opinion that the District Court would not have been required to borrow the use of the County Courthouse or to hire a hall in the County in which to try the case.

Hayes v. United States, 296 F.2d 657, 667 (8th Cir. 1961).

Albeit in a noncapital case, the Fourth Circuit has also provided some insight into this issue. In United States v. Truglio, 731 F.2d 1123 (4th Cir. 1984), the late District Judge Kidd, having just moved to this district from the Southern District of West Virginia, denied the defendants' motion for change of venue from Clarksburg to Wheeling. Id. at 1126, 1130. Although "all four defendants, all defense witnesses, and three of the four defense attorneys resided in Wheeling," Judge Kidd

7

"based his decision on the fact that he had not yet set up his offices in Wheeling" and "sought to avoid the difficulties of presiding over a complicated trial at a location where he had not yet set up his office, and where he might well face difficulties when he sought to do so." Id. at 1130. While the Fourth Circuit was "not untroubled" by Judge Kidd's decision, it noted that "it does not follow that the only person convenienced by the decision was the judge." Id. Specifically, the panel stated:

> Had the district judge attempted to hold the trial in a location in which he lacked the requisite facilities and support staff, his very ability to preside adequately over such a complex trial might have been jeopardized. Also, the conduct of other matters pending before the court and requiring attention during the same time span as the trial might have suffered if the judge were compelled to function in the unestablished Wheeling quarters. The concerns reach beyond mere convenience and implicate fundamental interests of justice.

Id. Accordingly, the Fourth Circuit found that Judge Kidd had not abused his discretion in denying the defendants' motion. Id.

The undersigned finds that holding Andrews' trial in Preston County, particularly in the visiting room at USP Hazelton, would pose a "great inconvenience." 18 U.S.C. § 3235. Judge Keeley, who will preside over Andrews' trial, should not be expected to borrow a courtroom at the Preston County Courthouse, nor should she be expected to preside over a complex capital case in a visiting room at USP Hazelton. Judge Keeley's staff, as well as the Court Clerk's staff, are all located in Clarksburg, as are the United States Attorney's office. The undersigned further finds in particular that holding a trial in a visiting room at USP Hazelton raises grave questions of security should an incident occur in the prison while trial is ongoing. It also raises issues with respect to impartiality. It is not difficult to imagine the claim that the trial was not fair and impartial given that it was being held by a sitting District Judge of the third branch of government in a facility owned and operated by the BOP, an arm of the attorney general of the executive branch of government, the same

branch of government that is prosecuting the defendant. Given these findings, the undersigned finds that, to the extent Andrews' motion requests that venue for trial be moved to Preston County, his motion should be denied.

## IV.    Recommendation

For the foregoing reasons, the undersigned recommends that Andrews' "Motion to Dismiss" (Docket No. 343) be **DENIED**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record.

DATED: September 25, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE