# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                        Criminal Action No. 1:12-cr-100-1

**PATRICK FRANKLIN ANDREWS,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court pursuant to Defendant Patrick Franklin Andrews' "Second Motion to Suppress Statements," filed on April 2, 2014. (Docket No. 323.) The Government filed its response on April 15, 2014. (Docket No. 336.) This matter was referred to the undersigned by United States District Judge Irene M. Keeley on April 3, 2014. (Docket No. 324.) On September 15, 2014, came Andrews, by counsel Harry J. Trainor and Stephen Herndon, and came the United States by Andrew Cogar, Assistant United States Attorney, and Richard E. Burns, for a hearing on, inter alia, the instant motion. Prior to the hearing, the undersigned had granted Andrews' motion requesting his waiver of appearance at the motions hearing. (Docket Nos. 514, 516.)

### I. Relevant Procedural History

On October 7, 2007, Jesse Harris, an inmate at USP Hazelton in Bruceton Mills, West Virginia, was stabbed to death. The incident occurred near the gate connecting the yellow and blue corridors of the prison. Prison staff observed co-defendant Kevin Bellinger attacking Harris. They chased Bellinger and apprehended him in the yellow corridor. Staff later reviewed prison surveillance video from the Vicon video system and identified Andrews as a second assailant of Harris. Prison staff went to the B-2 housing unit, where Andrews was held, and took him into custody at his cell.

On October 2, 2012, a Grand Jury returned an Indictment against Andrews and Bellinger,

charging them with aiding and abetting murder by a federal prisoner serving a life sentence, in violation of 18 U.S.C. §§ 2, 1111(a), and 1118, and second degree murder, in violation of 18 U.S.C. §§ 2, 7(3), and 1111(a) and (b).  (Docket No. 41.)  The Grand Jury returned a "Notice of Special Findings" as to Andrews with respect to Count One.  Of particular note are paragraphs (g), (h), and (i) of the Notice within Count One of the Indictment.[1]  The Government contends these convictions, if proved, are aggravating circumstances which justify imposition of the death penalty should Andrews be convicted of the substantive offense charged in Count One.  See 18 U.S.C. § 3592(c)(2)-(4).  On October 23, 2012, the Government filed a Notice of Intent to Seek the Death Penalty ("Notice") as to Andrews.  (Docket No. 46.)  Such Notice mirrored the Notice of Special Findings contained in the Indictment.

On December 7, 2012, Judge Keeley designated this case as complex.  (Docket No. 68.)  On October 7, 2013, Andrews filed a "Motion to Suppress Statements," in which he argued that the Court should suppress "any and all statements allegedly made by the defendant to governmental agents on the grounds that the statements were not made knowingly, intelligently and voluntarily with full knowledge of the consequences."  (Docket No. 140.)  Judge Keeley referred that motion to the undersigned on October 8, 2013.  (Docket No. 147.)  The Government filed its response on October 28, 2013.  (Docket No. 165.)

---

[1] These paragraphs state as follows: "(g) has previously been convicted of a Federal or State offense punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm (as defined in section 921) against another person (18 U.S.C. Section 3592(c)(2)); (h) has previously been convicted of another Federal or State offense resulting in the death of a person, for which a sentence of life imprisonment or death was authorized by statute (18 U.S.C. Section 3592(c)(3)); (i) has previously been convicted of two or more Federal or State offenses, punishable by a term of imprisonment of more than one year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person (18 U.S.C. Section 3592(c)(4))."

On October 31, 2013, the undersigned held a hearing on Andrews' first motion to suppress statements as well as other motions. At the hearing, the parties represented that they had reached an agreement that the Government would not introduce Andrews' statements during its case in chief, but that it reserved the right to introduce them as rebuttal evidence. The defense reserved the right to oppose the use of such statements as rebuttal evidence for any appropriate reason. On December 24, 2013, the undersigned entered a Report and Recommendation ("R&R") as to Andrews' first motion to suppress. (Docket No. 222.) In that R&R, the undersigned recommended that Andrews' statements not be suppressed and that his motion be denied. (Id. at 11-12.) Andrews filed his objections to the R&R on January 6, 2014. (Docket No. 224.) The Government filed its response to the objections on January 27, 2014. (Docket No. 250.) The Government agreed with Andrews that his motion to suppress statements was not ripe for decision because the parties, relying on their agreement, did not present evidence. (Id. at 1-2.) The Government requested that the Court "rule that the motion was mooted by the parties' agreement or in the alternative, remand the matter to the magistrate judge for a full hearing where the parties are given the opportunity to present evidence in support or opposition to the defendant's motion." (Id. at 2.)

Andrews filed his second motion to suppress statements, the instant motion, on April 2, 2014. (Docket No. 323.) In that motion, he seeks suppression of the same statements at issue in his first motion to suppress. Specifically, Andrews asks that the Court "suppress any and all statements allegedly made by [him] to James V. Watson, Brian Antonelli, and David McRobie . . . on the grounds that the statements were made after the government has asserted that the investigation was suspended." (Id. at 1.) Andrews asserts the following:

> The government has taken completely inconsistent positions. In addressing the original motions to suppress, the government has asserted that the interviews by staff were appropriate as a part of normal processing and investigative procedures. In

3

responding to the allegation that the purpose for placing Patrick Andrews in the SHU should have been finished within twenty-four hours as provided for by Section 541.5(b) of Program Statement 5270.09, the government asserts that the investigation was suspended by operation of Section 541.5(b) of Program Statement 5270.09.

(Id. at 2.) According to Andrews, if the investigation was suspended, questioning by Antonelli and McRobie was prohibited by administrative regulation. (Id.) Likewise, if the investigation was not suspended, the purpose for placing him in the SHU should have been completed within twenty-four (24) hours. (Id.)

The Government filed its response on April 15, 2014. (Docket No. 336.) The Government argues that Andrews' motion to suppress should be denied because:

1. Both RN McRobie and SA Watson spoke with Andrews before the incident report and investigation were suspended;

2. Violations of policy statements issued by the BOP do not equate to violations of Federal law;

3. RN McRobie did not conduct an investigatory interview of Andrews; and

4. SIA Antonelli did not interview Andrews.

(Id. at 3-6.) The Government also notes that "pursuant to a prior agreement between the United States and the defendant, the United States does not intend to introduce the defendant's statements in its case-in-chief." (Id. at 6 n.5.) However, the Government "reserved the right to introduce the defendant's statements as rebuttal evidence." (Id.)

On October 23, 2014, Judge Keeley entered an Order denying as moot Andrews' first motion to suppress statements and rejecting as moot the undersigned's R&R on that motion. (Docket No. 552.) Specifically, Judge Keeley noted:

> Pending before the Court are the motion to suppress statements (dkt. no. 140) filed by the defendant, Patrick Franklin Andrews ("Andrews"), and the report and recommendation ("R&R") (dkt. no. 222) of the Honorable John S. Kaull, United States Magistrate Judge. Based on the parties' representations in Andrews's objections to the

> R&R (dkt. no. 224) and the government's response to those objections (dkt. no. 250), they have agreed on how the disputed statements will be used at trial.
>
> According to Andrews, the parties have agreed that the government will not use
>
>> any statements by Patrick Andrews to law enforcement officers or B.O.P. employees in the government's case in chief. The government reserve[s] the right to attempt to use such statements in rebuttal if appropriate. The defense reserve[s] the right to oppose the use of such statements in rebuttal for any appropriate reason should the government attempt to use such statements in rebuttal.
>
> (Dkt. No. 224 at 4). "[T]he United States agrees with the defendant's assertion" and contends that their agreement has "mooted the issue." (Dkt. No. 250 at 1, 2). Based on the parties' agreement, the Court **DENIES AS MOOT** Andrews's motion to suppress statements and **REJECTS AS MOOT** the R&R.

(Id. at 1-2.) Trial for Andrews is scheduled to commence with jury selection on May 4, 2015. (Docket Nos. 244, 254.)

## II. Analysis and Recommendation

The Fourth Circuit has described the law of the case doctrine as follows:

> "A [sic] most commonly defined, the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." . . . Under the law of the case doctrine, as a practical matter, once the "decision of an appellate court establishes 'the law of the case,' it 'must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal . . . unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.'"

United States v. Aramony, 166 F.3d 655, 661 (1999) (internal citations omitted).

In the instant motion, Andrews seeks suppression of the same statements at issue in his first motion to suppress. In its response, the Government again notes that those statements are subject to an agreement between the parties. (Docket No. 336 at 6 n.5.) Judge Keeley's October 24, 2014, Order rendered moot any issue of suppression based upon the parties' agreement. (Docket No. 552.)

5

Accordingly, given Judge Keeley's ruling on Andrews' first motion to suppress statements, the undersigned finds that the law of the case doctrine must apply to render moot Andrews' second motion to suppress statements as well.  See Aramony, 166 F.3d at 661.  Accordingly, the undersigned recommends that Andrews' "Second Motion to Suppress Statements" (Docket No. 323) be **DENIED AS MOOT**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge.  Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record.

DATED: October 27 , 2014

*/s John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE