IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

  **Plaintiff,**

**v.**            **CRIMINAL NO. 1:12CR100-1**
                 (Judge Keeley)

**PATRICK FRANKLIN ANDREWS,**

  **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 525]
AND DENYING MOTION TO DISMISS INDICTMENT [DKT. NO. 343]**

Pending before the Court is the motion to dismiss the indictment (dkt. no. 343) filed by the defendant, Patrick Franklin Andrews ("Andrews"), as well as the report and recommendation ("R&R") (dkt. no. 525) of the Honorable John S. Kaull, United States Magistrate Judge, recommending that the Court deny the motion. For the following reasons, the Court **ADOPTS** the R&R and **DENIES** Andrews's motion.

**I.**

On October 2, 2012, a grand jury sitting in the Wheeling division of the Northern District of West Virginia returned an indictment, charging Andrews with two counts of murder. Allegedly, on October 7, 2007, while serving a life sentence at the United States Penitentiary Hazelton in Preston County, West Virginia, Andrews unlawfully killed another inmate. On October 23, 2012, the

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DENYING MOTION TO DISMISS INDICTMENT**

government filed notice of its intent to seek the death penalty against Andrews.

Because the alleged crime occurred in Preston County, the case was assigned to the Clarksburg division[1] for trial, pursuant to L.R. Gen. P. 77.02. In his motion, Andrews asks the Court to dismiss the indictment because the grand jury that returned it sat in Wheeling rather than in Clarksburg.[2] According to Andrews, this constitutes a violation of the Court's Local Rules, specifically L.R. Cr. P. 2.01, which provides that "[grand] jurors drawn from

---

[1] The Clarksburg point of holding court is located in Harrison County, West Virginia.

[2] Andrews makes additional arguments that are not germane to whether the indictment should be dismissed. For instance, he argues that the case must be tried in Preston County because 18 U.S.C. § 3235 provides that "[t]he trial of offenses punishable with death shall be had in the county where the offense was committed, where that can be done without great inconvenience." This argument could suggest that Andrews's trial should be held in Preston County. But see Hayes v. United States, 296 F.2d 657, 667 (8th Cir. 1961) (refusing to overturn a conviction on the basis of § 3235, in part, because "the District Court would not have been required to borrow the use of the County courthouse or to hire a hall in the County in which to try the case"); Davis v. United States, 32 F.2d 860, 860 (9th Cir. 1929) (affirming a district court's refusal to hold trial in the county where the offense occurred because "[t]here was no provision for a term of a federal court in the county"); Greenhill v. United States, 6 F.2d 134, 136 (5th Cir. 1925) (affirming a district court's denial of a motion to change venue to county where crime occurred because "there was no public building provided for the United States District Court" in that county). However, it has no bearing on the relief sought here, namely, the dismissal of the indictment. Andrews also cites the Sixth Amendment for the unremarkable proposition that a criminal defendant is entitled to "an impartial jury of the State and district wherein the crime shall have been committed." Again, the geographical pool from which the Court will draw jurors for Andrews's trial is irrelevant to whether the indictment is legally defective.

those counties assigned to the four active points of holding court typically review evidence to determine whether to issue indictments for crimes allegedly committed in their respective counties."

Although the indictment is "typically" returned by a grand jury sitting in the same division in which an alleged offense occurred, L.R. Cr. P. 2.01 recognizes that, "due to issues that may arise and affect the statute of limitations, . . . it may be necessary for the United States Attorney to present matters to a grand jury in one point of holding court that arose from another point of holding court."  In such instances, the government is to provide notice to the Court.  Id.

**II.**

Count Two of the indictment - second degree murder in violation of 18 U.S.C. § 1111 - is governed by the federal five-year statute of limitations for non-capital offenses.[3]  Under that statute, "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."  18 U.S.C. § 3282(a).

---

[3] Second degree murder under 18 U.S.C. § 1111 is a non-capital offense: "Whoever is guilty of murder in the second degree, shall be imprisoned for any term of years or for life."

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**AND DENYING MOTION TO DISMISS INDICTMENT**

Andrews's alleged offense occurred on October 7, 2007. Because the five-year limitations period was close to expiring in October 2012, the government sought an indictment from the grand jury at the Wheeling point of holding court rather than risking a violation of the statute of limitations by waiting for the grand jury to convene in Clarksburg.

According to the government's representation, as a matter of established practice, the United States Attorney or his representative notifies the judge of pending indictments, including those charging offenses that occurred outside the division where the grand jury is sitting. (Dkt. No. 402 at 4). The government further represents that, in this case, "the ordinary practice was followed in informing the court of the indictment." Id. Based on such representation, no violation of L.R. Cr. P. 2.01 occurred.

Andrews points out, however, that Count One, which charges a capital offense, is not subject to any statute of limitations.[4] Accordingly, he argues that the government's failure to submit Count One to a Clarksburg grand jury is inexcusable. If Andrews is correct, the government should have sought separate indictments for each count and proceeded to litigate two separate cases involving the same incident. Unquestionably, such a procedure would have

---

[4] See 18 U.S.C. § 3281 ("An indictment for any offense punishable by death may be found at any time without limitation.").

violated several aims of the Local Rules as stated in the preface: simplicity in procedure, expeditious and inexpensive determination of all actions and proceedings, and the efficient administration of justice.  Construing L.R. Cr. P. 2.01 in light of these goals, the Court cannot find that any violation occurred.

To the argument that a violation did occur, the preface of the Local Rules provides courts substantial flexibility in their application: "A district judge may, in the interest of orderly, expeditious, and efficient administration of justice, allow departures from these Local Rules when warranted by particular facts and circumstances."  The circumstances presented above warranted a departure from L.R. Cr. P. 2.01 to promote judicial economy.

### III.

Alternatively, Andrews's motion is untimely.  Title 28 U.S.C. § 1867(a) provides that a defendant may move to dismiss an indictment for failure to comply with statutory provisions in selecting the grand jury "within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor."  Although the statute does not expressly contemplate alleged violations of a court's local rules governing the grand jury selection process, applying the seven-day time period to Andrews's motion appears more than sensible.

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**AND DENYING MOTION TO DISMISS INDICTMENT**

Here, the indictment is stamped "FILED AT WHEELING, WV." Nevertheless, Andrews slumbered on his right to file a motion to dismiss until April 2014 – more than one-and-a-half years after the indictment was filed. During that time, the parties engaged in substantial litigation and utilized scarce judicial resources. As a matter of equity and judicial economy, Andrews's untimely filing is inexcusable.

**IV.**

For the reasons discussed, the Court **ADOPTS** the R&R and **DENIES** Andrews's motion to dismiss.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: October 28, 2014.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE