IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                    **CRIMINAL NO. 1:12CR100-1**
                                                                          **(Judge Keeley)**

**PATRICK FRANKLIN ANDREWS,**

    **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 564],
AND DENYING MOTION TO SUPPRESS IDENTIFICATION [DKT. NO. 215]**

    The defendant, Patrick Andrews ("Andrews"), has filed a motion to suppress identification. (Dkt. No. 215). He alleges that he was identified as an assailant in the captioned case based on a single photograph, and that because the "one photograph procedure" is legally impermissible, his identification should be suppressed. As the government points out in response, however, Andrews's legal argument is based on a fundamental misunderstanding of the procedure used to identify him.

    The Honorable John S. Kaull, United States Magistrate Judge, held a hearing on Andrews's motion, after which he determined the following facts to be undisputed. On October 7, 2007, a stabbing occurred at the United States Penitentiary Hazelton. Three people were involved in the incident. By the time Bureau of Prisons ("BOP") staff arrived at the scene, they found only two individuals – the victim and one of the two assailants. After watching video

surveillance, the BOP staff learned that the other assailant had fled the scene prior to their arrival and walked back to his cell. Based on the cell number, inmate profile pictures, and still shots from the video surveillance footage, the BOP staff identified Andrews as the other assailant. Andrews does not object to Judge Kaull's findings or conclusions.

Because the BOP staff did not rely on eyewitness identification either through photographs or a lineup, the cases cited by Andrews in support of his motion are not implicated here. See Perry v. New Hampshire, __ U.S. __, __, n.5, 132 S. Ct. 716, 725 n.5 (2012) (listing the factors to be considered in evaluating a eyewitness's ability to make an accurate identification); Manson v. Brathwaite, 432 U.S. 98, 114 (1977) (same); Neil v. Biggers, 409 U.S. 188, 199-200 (1972) (same); Coleman v. Alabama, 399 U.S. 1, 5-6 (1970) (approving trial court's denial of suppression motion because "the evidence adduced at the suppression hearing [showed] that Reynolds' identifications were entirely based upon observations at the time of the assault and not at all induced by the conduct of the lineup"); Simmons v. United States, 390 U.S. 377, 383-84 (1968) (explaining the potential hazards of eyewitness identification of a suspect through use of a photographic lineup); Stovall v. Denno, 388 U.S. 293, 302 (1967) ("The practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has been widely

condemned."); United States v. Johnson, 114 F.3d 435, 441 (4th Cir. 1997) (articulating a two-step analysis to determine whether an eyewitness's photographic identification of a suspect is reliable); United States v. Workman, 470 F.2d 151, 153 (4th Cir. 1972) (holding that "it was improper for the investigating officer to display only photographs of a single suspect to an eyewitness").

Even if the two-step analysis from Johnson and the Supreme Court's factors were applied, the BOP staff's identification of Andrews was still permissible. There was nothing suggestive about the procedure; the BOP staff simply followed the video surveillance footage where it led them, namely, to Andrews's cell. Moreover, the identification was reliable since the footage showed Andrews walk all the way from the scene of the attack to his cell. Additionally, a comparison of the still shots and Andrews's inmate profile picture confirmed that Andrews was the individual from the footage.

Therefore, finding no clear error, the Court **ADOPTS** Judge Kaull's report and recommendation, and **DENIES** Andrews's motion to suppress identification.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: January 12, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE