IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                         CRIMINAL NO. 1:12CR100-1
                                (Judge Keeley)

**PATRICK FRANKLIN ANDREWS,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 551]

On October 2, 2012, the government filed an indictment, charging the defendant, Patrick Franklin Andrews ("Andrews"), with two counts of murder. The indictment alleges that Andrews murdered a fellow inmate named Jesse Harris ("Harris") on October 7, 2007. On October 23, 2012, the government filed notice of its intent to seek the death penalty against Andrews based on one of the two charges that carries with it a possible death sentence. See 18 U.S.C. § 1118(a).

Andrews has filed a motion seeking to dismiss the indictment or to strike the government's notice of its intent to seek the death penalty based on the approximately five-year delay between the date Harris was killed and the dates on which the indictment and notice were filed. Per the Court's referral order, the Honorable John S. Kaull, United States Magistrate Judge, reviewed Andrews's motion and entered a report and recommendation ("R&R"),

in which he recommended that the Court deny the motion. Andrews has objected to Judge Kaull's conclusions and recommendation.

Andrews first argues that the government's indictment or notice should be dismissed because he has been in solitary confinement since Harris's killing. Even if solitary confinement violated Andrews's Eighth Amendment rights, he has cited no authority for the proposition that dismissal of the indictment or notice is an appropriate remedy for an Eighth Amendment violation. Indeed, the appropriate remedy for allegedly unconstitutional solitary confinement is a civil action. See, e.g., Hicks v. James, 255 Fed. App'x 744 (4th Cir. 2007) (per curiam).

Next, Andrews argues that the government's pre-indictment delay violated his right to due process under the Fifth Amendment. It is well established that "the Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay . . . caused substantial prejudice to [the defendant's] rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." United States v. Marion, 404 U.S. 307, 324 (1971) (quoted by United States v. Shealey, 641 F.3d 627, 634 (4th Cir. 2011)).

In order to make this determination, the Fourth Circuit has crafted a two-pronged test: "First, we ask whether the defendant has satisfied his burden of proving 'actual prejudice.' Second, if

that threshold requirement is met, we consider the government's reasons for the delay."[1] United States v. Uribe-Rios, 558 F.3d 347, 358 (4th Cir. 2009) (internal citations omitted). Importantly, the prejudice prong

> is a heavy burden because it requires not only that a defendant show actual prejudice, as opposed to mere speculative prejudice, but also that he show that any actual prejudice was <u>substantial</u> - that he was meaningfully impaired in his ability to defend against the state's charges to such an extent that the disposition of the criminal proceeding was likely affected.

Jones v. Angelone, 94 F.3d 900, 907 (4th Cir. 1996) (emphasis in original) (internal citations omitted).

Andrews claims that he has suffered prejudice because the government destroyed video footage and certain Bureau of Prisons records that he had requested in 2008. He does not, however, state specifically what mitigating or exculpatory evidence the video footage and the records contain. Rather, according to him, the mere fact that he demanded evidence that was later destroyed, regardless of whether it would have established anything of significance, constitutes prejudice. Such an assertion does not rise above a speculative level, and fails to satisfy the prejudice standard set forth in Angelone.

---

[1] Despite Andrews's repeated assertion that "death is different," he has offered no authority providing a different analytical framework for capital cases.

Next, Andrews argues that he can no longer identify potential witnesses given the five-year delay.

> When the claimed prejudice is the unavailability of witnesses, as here, courts have generally required that the defendant identify the witness he would have called; demonstrate, with specificity, the expected content of that witness' testimony; establish to the court's satisfaction that he has made serious attempts to locate the witness; and, finally, show that the information the witness would have provided was not available from other sources.

Angelone, 94 F.3d at 908.

Andrews contends that many of the inmates who witnessed the Harris killing have since been transferred to facilities around the country, making the possibility of interviewing them difficult. However, he also concedes that, "[w]ithin days after the October 7, 2007 incident, mass interviews were conducted of virtually all USP-Hazelton inmates," and "[t]he notes from those interviews have been provided to defense counsel." (Dkt. No. 202 at 8).

Andrews has not identified any specific statement made by any particular inmate that he has been unable to investigate due to the passage of time. Instead, he states only that "[s]ome inmate witnesses . . . have indicated that passage of time has dimmed their memory of the events of October 7, 2007." Id. at 10. As one court has stated, "general allegations of loss of witnesses and failure of memories, are insufficient to establish the requisite actual prejudice." United States v. Medina-Arellano, 569 F.2d 349,

4

352-53 (5th Cir. 1978) (internal quotation marks and citation omitted).

Finally, Andrews points out that one of the emergency medical technicians who provided care to Harris after his stabbing cannot be located. Andrews fails to explain how his inability to locate the EMT is a result of any delay, nor does he identify any specific testimony that the EMT might offer.

For these reasons, no actual, substantial prejudice exists as a result of the five-year delay. Thus, the burden has not shifted to the government to explain its reasons for waiting to seek an indictment.[2]

Still, however, Andrews contends that any delay violated his Sixth Amendment right to a speedy trial. In assessing this issue, courts consider four factors: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Barker v. Wingo, 407 U.S. 514, 530 (1972); United States v. Thomas, 55 F.3d 144, 148 (4th Cir. 1995).

There is little doubt that a five-year period between the date an incident occurs and the filing of a corresponding indictment is unusually long. However, as previously established, Andrews suffered no actual, substantial prejudice as a result of the delay. Moreover, far from asserting his right to a speedy trial, he has

---

[2] It is worth noting that the government complied with the five-year statute of limitations applicable to the second degree murder charge in Count Two. See 18 U.S.C. § 3282(a). The capital charge in Count One is not subject to any statute of limitations. See 18 U.S.C. § 3281.

5

sought multiple continuances of his trial date. Finally, the government's delay is explained, at least in part, by the weighty process of deciding whether to pursue the death penalty against Andrews, and by the parties' protracted plea negotiations. Thus, despite the five-year delay, the Court is unpersuaded that the government violated Andrews's right to a speedy trial.

Therefore, for the reasons discussed, the Court **OVERRULES** Andrews's objections, **ADOPTS** the R&R, and **DENIES** Andrews's motion to dismiss the indictment or to strike the government's notice of its intent to seek the death penalty.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: March 23, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE